PER CURIAM.
The Florida Bar petitions this Court to amend Rule 1-3.2 of the Rules Regulating the Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const.
The amendments requested by The Bar, which are attached as an appendix to this opinion, are largely technical in nature. They consist largely of the renumbering of sections and alteration of labels to promote greater consistency. We have received no comments in opposition. Accordingly, the attached rule change is adopted effective at 12.01 a.m. on January 1, 1991.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, ehrlich, barkett, GRIMES and KOGAN, JJ., concur.
APPENDIX
1-3.2 MEMBERSHIP CLASSIFICATIONS
(a) Members in Good Standing. Members of The Florida Bar in good standing shall mean only those persons licensed to practice law in Florida who have paid annual membership fees or dues for the current year and who are not retired, resigned, delinquent, inactive or suspended members. A practicing attorney of another state, in good standing, who has professional business in a court of record of this state may, upon motion, be permitted to practice for the purpose of such business upon such conditions as the court deems appropriate under the circumstances of the case.
(b) [Probationary members] Conditionally Admitted Members. The Supreme Court of Florida may admit a person with a prior history of drug, alcohol or psychological problems to active membership in The Florida Bar and impose conditions of probation as the Court deems appropriate upon that member. The period of probation shall be no longer than three years, or for such indefinite period of time as the Court may deem appropriate by conditions in its order. The conditions may include, but not be limited to: participation in a rehabilitation program, periodic blood and urine analysis, periodic psychological examinations or supervision by another member of The Florida Bar. The probation shall be monitored by The Florida Bar and the costs thereof shall be paid by the member on probation. A failure to observe the conditions of probation or a finding of probable cause as to conduct of the member committed during the period of probation may terminate the probation and subject the member to all available grievance procedures under the Rules of Discipline.
(c) Inactive Members. Inactive members of The Florida Bar shall mean only those members who have properly elected to be classified as inactive in the manner elsewhere provided.
Inactive members shall:
(1) pay annual dues as set forth in rule 1-7.3;
*941 (2) be exempt from continuing legal education requirements;
(63) affirmatively represent their membership status as inactive members of The Florida Bar when any statement of Florida Bar membership is made;
(4) not hold themselves out as being able to practice law in Florida or render advice on matters of Florida law;
(65) not hold any position that requires the person to be a licensed Florida attorney;
(36) not be eligible for designation or certification under the Florida designation or certification plans;
(7) not vote in Florida Bar elections or be counted for purposes of apportionment of the board of governors;
(8) certify upon election of inactive status that they will meet and annually thereafter that they have met-and complied comply with all applicable restrictions and limitations imposed on inactive members of The Florida Bar membership as an-inactive member.
Failure of an inactive member to comply with all requirements thereof shall be cause for disciplinary action.
An inactive member may, at any time, apply for reinstatement to membership in good standing in the manner provided in rule 1-3.7.